UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-00371-EHJ

WANDA L. BENTLEY                                                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Wanda Bentley ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr.), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the Commissioner's decision should be vacated and this matter should be remanded for further proceedings.

PROCEDURAL HISTORY

On February 27, 2004, Claimant filed application for alleging that she became disabled as of November 3, 2003. After a hearing, Administrative Law Judge Timothy G. Keller ("ALJ") determined that her heart condition and sleep apnea were severe impairments, but that she retained the capacity for performing her past work as a factory laborer or housekeeper/cleaner. This became the final decision of the defendant Commissioner when the Appeals Council denied review on June 2, 2006.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff concedes on this appeal that the record fails to establish that she suffers from severe levels of anxiety or depression. She contends that (1) the ALJ erred in his handling of the opinion of her treating physician, Dr. Crain, and (2) substantial evidence does not support the ALJ's credibility determination. In this case, as explained below, these two matters are closely related.

Dr. Crain is Ms. Bentley's primary care physician. The records do not establish when she first formed the treating relationship, but Dr. Crain has been following her at least since October of 2003. He opined in June of 2005 that she could lift no more than ten pounds, and that she needed to lie down a total of an hour during an eight hour work shift. Tr. 254. The vocational expert witness testified that if the hour of bed rest was needed outside of the lunch hour, these restrictions would render her unemployable. Tr. 299.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to more weight if Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984).

Nonetheless, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007). In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to apply specific factors and "give good reasons" for rejecting or limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A single sentence encompasses the entirety of the ALJ's justification for rejecting Dr. Crain's opinion: "The limitations imposed by Dr. Crane are conclusory and are inconsistent with all the other credible medical evidence in the record." Tr. 22. Although counsel has attempted on appeal to apply the appropriate factors and to identify reasons that the ALJ *could* have offered, this post hoc rationalization fails to show the *ALJ's* actual mental processes, and it does not satisfy the requirements of the regulations. The ALJ failed to demonstrate that he had applied the factors set out in 20 CFR 404.1537(d), and failed to "give good reasons" rejecting or for limiting the weight given Dr. Crain's opinion. This is a clear error of law.

The problem posed by such legal error is somewhat compounded in this case because of the types of impairments from which Claimant suffers. The "pain" to which this record has reference may or may not be cardiac in nature; thus, it may not be of the severe and distracting variety, but may nonetheless indicate to Dr. Crain a need for his patient to avoid exertion. Similarly, the reason for Dr. Crain's stating that Ms. Bentley needs to rest during the day is not completely clear: Perhaps this is due to her heart situation and is related to exertional limitations, or perhaps it is due to her sleep apnea, and her inability to get sufficient rest at night. These ambiguities make careful credibility analysis and proper evaluation of the physician's opinion both more difficult and more necessary.

An order in conformity has this day entered.